IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20422
Summary Calendar
_____

MICHAEL A. PULLARA,

                                        Plaintiff-Appellant,

versus

CENTRAL INTELLIGENCE AGENCY,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-587
--------------------
January 26, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Michael A. Pullara appeals the district court's decision granting the motion for summary judgment filed by the Central Intelligence Agency (CIA). He argues that the CIA failed to demonstrate that the information he requested through the Freedom of Information Act (FOIA) concerning the death of Fred Woodruff fell within the national security exemptions to FOIA under 5 U.S.C. § 552(b)(1) and (b)(3). The CIA refused to confirm or deny the existence of any documents responsive to Pullara's request but alternatively demonstrated that the documents were

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

exempt from disclosure under § 552(b)(1) and (b)(3) because they could reveal information about intelligence activities and foreign relations of the United States and because the information was exempt from disclosure under the National Security Act, 50 U.S.C. § 403-3(c)(6).  Any response or disclosure of documents would have revealed whether Woodruff was a CIA employee and would have revealed information concerning intelligence-gathering activities of the United States in Tbilisi, Georgia.  Absent evidence of bad faith, the agency's determination "is beyond the purview of the courts."  Knight v. United States Central Intelligence Agency, 872 F.2d 660, 664 (5th Cir. 1989).  Because Pullara has not alleged or shown bad faith, the CIA's determination is "beyond the purview of the courts." Id.  The district court did not err in granting the CIA's motion for summary judgment.

Pullara also argues that the district court erred in denying his motion to compel the CIA to prepare an index pursuant to Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973).  When the affidavit submitted by the agency is sufficient to establish that the requested documents should not be disclosed, a Vaughn index is not required.  See Minier v. Central Intelligence Agency, 88 F.3d 796, 800 (9th Cir. 1996).  Because the affidavit submitted by the CIA was sufficient to establish that the requested documents were exempt from disclosure pursuant to 5 U.S.C. § 552(b)(1) and (b)(3), the district court did not err in denying Pullara's motion to compel the CIA to prepare a Vaughn index.

AFFIRMED.